In the Matter of the Claim of ELIZABETH BROWN and JULIA ELIZABETH BROWN McKENZIE, Respondents, against THE TANNIN CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from decision of State Industrial Board denying application by employer and carrier to modify an award of death benefits to Julia Elizabeth (Brown) McKenzie, a dependent sister of deceased. The date of the accident was June 17, 1926, and on February 7, 1927, an award of death benefits was made to Julia Elizabeth Brown, a dependent sister, until she should arrive at the age of eighteen years. This dependent sister was born May 17, 1918. On July 12, 1934, she was married to Hugh Ernest McKenzie. The employer and carrier have now applied for a modification of the award contending that the sister was, after her marriage, no longer entitled to the benefits of the award. They contended that the award was made for the sister's support under subdivision 4 of section 16 of the Workmen's Compensation Law, and that when she became married she was no longer dependent upon deceased and did not need the award for her support. Decision unanimously affirmed, with costs to the State Industrial Board, on the authority of *Matter of Lewandowski* v. *Onondaga Golf & Country Club* (242 App. Div. 742; affd. without opinion, 266 N. Y. 628). This award to the claimant Julia Elizabeth Brown McKenzie (as was the award in the case of the granddaughter Kathaleen Bissett in *Matter of Lynch* v. *New York Rapid Transit Corporation, ante*, p. 884, decided herewith) is affirmed only because of the imperative language of the statute (Workmen's Comp. Law, § 16, subd. 4) that a sister dependent at the time of death shall be entitled to compensation until reaching eighteen years of age, and not during the term of dependency, whether married or not. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.